IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LENA MELARAGNI and CHARLES MELARAGNI, | : Case No. 4:14-CV-1815 |
| Plaintiffs, | : (Judge Brann) |
| v. | : |
| SANDALS RESORTS INTERNATIONAL, *d/b/a/ Sandals Montego Bay*, UNIQUE VACATIONS, *Ltd.*, UNIQUE VACATIONS, INC. | : |
| Defendants. | : |

**MEMORANDUM OPINION**

December 8, 2015

**I.  BACKGROUND**

When couple plans a vacation to paradise, they certainly do not contemplate an injury to one spouse.  Unfortunately, that's exactly what happened to Plaintiffs, Lena and Charles Melaragni.[1]  Mrs. Melaragni slipped on water on the floor of her hotel room, fell, and suffered physical injury due to the alleged negligence of

---

[1] Hereinafter, collectively "the Melaragnis."

1

Defendant Sandals Resorts International[2] at its Montego Bay, Jamaica location. The Melaragnis have brought suit against Sandals and its booking agents, Unique Vacations Ltd. and Unique Vacations, Inc. Unfortunately for the Melaragnis, they have not set forth enough evidence to convince this Court sitting in the Middle District of Pennsylvania that it has personal jurisdiction over the named Defendants. Consequently, I will dismiss the action.

## II. DISCUSSION

In October 2012, the Melaragnis purchased a vacation package through the Unique Vacations defendants to the Sandals resort in Jamaica.[3] The Melaragnis arrived at the Montego Bay resort on October 28, 2012. After checking in to their room, Mrs. Melaragni noticed that the balcony french doors were open and, simultaneously, the air conditioner was running. She walked to close the door and slipped and fell on water on the floor. Allegedly, the water was from condensation caused by the warm air from the open door combined with cool air from the air conditioner.

Mrs. Melaragni lost her front tooth in the fall, and allegedly suffered a concussion, anterior nasal spine fracture, lung contusions, avulsion of the right

---

[2] Hereinafter "Sandals."

[3] At the motion to dismiss stage, the alleged facts are all taken in the light most favorable to Plaintiffs. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).

upper central incisor with nondisplaced fracture, loosening of the right lateral and left central incisors, rib fracture, and left paracentral disc herniation at C4-5 with spinal stenosis.

The Melaragnis retained counsel, who commenced the action by filing a complaint in federal district court in the Middle District of Pennsylvania on September 17, 2014.[4] Subsequently, Sandals filed a Motion to Dismiss for Failure to State a claim and for Lack of Jurisdiction[5] and a Motion to Dismiss for *Forum Non Conveniens*.[6] Unique Vacations, Ltd., also filed a Motion to Dismiss for Lack of Jurisdiction.[7] Unique Vacations, Inc. has not responded to the complaint, counsel for Unique Vacations, Ltd. asserts that Unique Vacations, Inc. has not been served, and there is no documentation on the docket, as required by Federal Rule of Civil Procedure 4, to evince effectuated service.

The Court held oral argument on April 30, 2015, after which I allowed the opportunity for jurisdictional discovery and further briefing. On November 23, 2015, the Melaragnis' declined the opportunity to file a supplemental brief. Accordingly, the matter is ripe for disposition. For the reasons that follow, the

---

[4]ECF No. 1.

[5]ECF No. 5.

[6]ECF No. 18.

[7]ECF No. 26.

motions to dismiss will be granted.

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may file a motion to dismiss for "failure to state a claim upon which relief can be granted." Such a motion "tests the legal sufficiency of a pleading."[8] "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."[9] This is true of any claim "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."[10]

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[11] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12] "Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough fact to

---

[8] *In re Hydrogen Peroxide Litigation*, 552 F.3d 305, 316 n.15 (3d Cir. 2008) (Scirica, C.J.) (*quoting Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 675 (7th Cir. 2001) (Easterbrook, J.)), and "streamlines litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

[9] *Id.* at 326 (*citing Hishon v. King & Spalding*, 467 U. S. 69, 73 (1984)).

[10] *Neitzke*, 490 U.S. at 327.

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[12] *Iqbal*, 556 U.S. at 678.

raise a reasonable expectation that discovery will reveal evidence of [wrongdoing]."[13] "This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[14] "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[15]

When disposing of a motion to dismiss, a court must "accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the plaintiff]."[16]   However, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions."[17]  "After *Iqbal*, it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss."[18]  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

---

[13] *Twombly*, 550 U.S. at 556.

[14] *Iqbal*, 556 U.S. at 679.

[15] *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557 (internal quotations omitted)).

[16] *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) (Nygaard, J.).

[17] *Iqbal*, 556 U.S. at 678 (internal citations omitted).

[18] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (Nygaard, J.).

suffice."[19]

As a matter of procedure, the United States Court of Appeals for the Third Circuit has instructed that:

> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.[20]

Sandals and Unique Vacations Ltd. allege several bases for dismissal. The Court need not address each and every argument, however, as the matter is disposed on the first basis, namely that this Court does not have personal jurisdiction over either Sandals or Unique Vacations Ltd. Both motions to dismiss are granted, as neither Defendant is subject to general personal jurisdiction in this state.[21]

---

[19] *Iqbal,* 556 U.S. at 678.

[20] *Fowler*, 578 F.3d at 210-11 (internal citations omitted).

[21] Nor are either subject to specific jurisdiction, through an alleged agency or alter ego relationship with Unique Vacations Inc. There is no evidence in the record regarding Unique Vacations Inc. There is no proof of service on the docket pursuant to Fed. R. Civ. P. 4(l) and the time to have served Unique Vacations Inc. pursuant to Rule 4(m) has expired. Unique Vacations, Inc. will consequently be dismissed for Plaintiffs failure to comply with Rule 4.

Federal Rule of Civil Procedure 4(e) authorizes personal jurisdiction over a defendant to the extent provided in the law of the state. The Commonwealth of Pennsylvania's long arm statute[22] allows personal jurisdiction to the constitutionally allowable limits of due process. "[A] court may assert jurisdiction over a foreign corporation "to hear any and all claims against it" only when the corporation's affiliations with the State in which suit is brought are so constant and pervasive "as to render it essentially at home in the forum State."[23] The Melaragnis have not put forth evidence that Sandals or Unique Vacations Ltd. is "at home" in the Commonwealth of Pennsylvania, and I conclude that neither may be sued here for injuries attributed to Sandals' conduct in Jamaica.[24]

Even after conducting jurisdictional discovery, the Melaragnis were unable to find conduct that would suggest that Sandals or Unique Vacations Ltd. is at home in Pennsylvania. "*Goodyear[, infra,]* made clear that only a limited set of affiliations with a forum will render a defendant amenable to all-purpose

---

[22]42 Pa. Cons. Stat. § 5322.

[23]*Daimler AG v. Bauman,* ___U.S. ___, 134 S. Ct. 746, 751 (U.S. 2014) *citing Goodyear Dunlop Tires Operations, S.A. v. Brown*, ___U.S. ___, 131 S. Ct. 2846, 2851, 180 L. Ed. 2d 796, 803. (Internal quotations omitted).

[24]*See McCann v. Sandals Resorts Intern.*, 2015 WL 619636 (February 11, 2015) (Yohn, J.) (Holding that Sandals Resorts International is not subject to general personal jurisdiction in Pennsylvania).

jurisdiction there."[25] "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home."[26]

Considering corporate status, the United States Supreme Court has suggested that: "With respect to a corporation, the place of incorporation and principal place of business are "paradig[m] . . . bases for general jurisdiction."[27] Sandals International is a Jamaican corporation, with its headquarters and principal place of business in Jamaica.[28] Unique Vacations Ltd. is a Bahamian corporation, with its headquarters and principal place of business in the Bahamas.[29]

Furthermore, "*Goodyear* did not hold that a corporation may be subject to general jurisdiction only in a forum where it is incorporated or has its principal place of business; it simply typed those places paradigm all-purpose forums,"[30] so I next turn to the Defendant other contacts with Pennsylvania, and find none. Sandals International conducts no business in Pennsylvania, nor is it authorized to

---

[25]*Daimler,* 134 U.S. at 760.

[26]*Id.*

[27]*Id.*

[28]ECF No. 5-2 at 19.

[29]ECF No. 28-1 at 2.

[30]*Daimler,* 134 U.S. at 760.

do so;[31] this also holds true for Unique Vacations Ltd.[32] Sandals has no Pennsylvania officers, employees, bank accounts, offices, or listed telephone numbers;[33] neither does Unique Vacations Ltd.[34] Sandals also owns no property in Pennsylvania, pays no Pennsylvania taxes, and employs no registered agent for service of process in the state;[35] the same statement applies to Unique Vacations, Ltd.[36] Finally, neither Sandals nor Unique Vacations, Ltd. directly markets in Pennsylvania through any medium.[37] In sum, neither Sandals nor Unique Vacations Ltd, has "continuous corporate operations within [this] state [that are] so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities."[38]

---

[31]ECF No. 5-2 at 18.

[32]ECF No. 28-1 at 3.

[33]ECF No. 5-2 at 19.

[34]ECF No. 28-1 at 4.

[35]ECF No. 5-2 at 21.

[36]ECF No. 28-2 at 4.

[37]ECF No. 5-2 at 21 and ECF No. 28-1 at 4.

[38]*International Shoe Co. v. Washington*, 326 U. S. 310, 318, 66 S. Ct. 154, 90 L. Ed. 95 (1945), *see e.g., J. McIntyre Machinery, Ltd. v. Nicastro,* 564 U. S. ___, 131 S. Ct. 2780, 2805, 180 L. Ed. 2d 765, 793 (2011) (Ginsburg J., dissenting) (noting unanimous agreement that a foreign manufacturer, which engaged an independent U. S.-based distributor to sell its machines throughout the United States, could not be exposed to all-purpose jurisdiction in New Jersey courts based on those contacts).
.


## III.  CONCLUSION

The action will be dismissed without prejudice for lack of jurisdiction over the matter.  An appropriate Order will follow.

                            BY THE COURT:

                            s/ Matthew W. Brann
                            Matthew W. Brann
                            United States District Judge